————o————

## No. 4531.

(Court of Appeal, Parish of Orleans.)

## CHS. G. LOUDUBOUGH VS. COMMERCIAL-GERMANIA TRUST AND SAVINGS BANK.

Under paragraph 3 of Section 9 of Act 64 of 1904, known as the Negotiable Instrument Act, a check is payable to bearer when the name of the payee does not purport to be the name of any person.

Appeal from Civil District Court, Division "E."

A. E. & O. S. Livaudais, for Plaintiff and Appellant.

Merrick & Lewis, Gensled & Schwartz, for Defendant and Appellee.

DUFOUR, J. The plaintiff owned the craft known as the "Launch Tom," a public carrier on the Mississippi river, and made his freight bills out in the name of the boat.

Certain checks made payable to the "Launch Tom" and drawn on the defendant bank were cashed there by one Newman, plaintiff's collector.

Newman failed to account for the amounts so collected, and the present suit seeks to hold the bank liable on the ground that Newman was not the plaintiff's agent and had no authority to collect the same.

Decision of this cause depends on the provisions of Section 9 of Act 64 of 1904 (Negotiable Instrument Act), which, so far as it is pertinent, reads as follows:

"The instrument is payable to bearer:

"3. When it is payable to the order of a fictitious or non-

—18—

existing person, and such fact was known to the person making it so payable.

"4. When the name of the payee does not purport to be the name of any person."

It will be observed that two distinct and separate classes of cases are enumerated in the foregoing.

1st. Where the check is payable to the order of a fictitious or non-existing person.

2nd. Where the check is not payable to any person.

Counsel for plaintiff relies on paragraph 3 and cites authorities which would be conclusive in his favor if the instant case fell within the scope of that paragraph.

But it does not, the check not being payable to the order of a fictitious or non-existing person.

The name of the payee in the check in suit does not purport to be the name of any person; hence the provision of paragraph 4 is applicable and the bearer was entitled to payment.

The text is too plain to admit of interpretation or construction.

Judgment affirmed.